UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| David L. Warfel, Jr. and<br>Jeanne M. Warfel, | Case No. 20-11651 |
| ---------------------------------------------------- | |
| David L. Warfel, Jr. and<br>Jeanne M. Warfel,<br><br>    Plaintiffs,<br><br>v.<br><br>21st Mortgage Corporation,<br><br>    Defendant. | Adv. No. 21-02 |

TRIAL BRIEF

## I. STATEMENT OF FACTS

David and Jeanne Warfel ("Warfels") purchased a manufactured home. The Defendant, 21st Mortgage Corporation, financed that purchase. The home was permanently affixed to real estate that the Warfels were purchasing from the Ostrowskis, who hold a first mortgage on the land upon which the manufactured home sits. The vendor certainly knew that the home was going to be placed on Warfel's lot—they helped place it there.

Rather than take a mortgage upon the property, 21st Mortgage chose instead to have its name on the title that comes with vehicles. While that method of perfection may suffice to have an interest in a home placed in a mobile home park, it is insufficient to perfect a security interest in an item affixed to real estate.

21st Mortgage does not have an allowed claim in this case, so under no circumstance will it be paid under the Plan. Nonetheless, it is axiomatic that "liens pass through bankruptcy" and its unperfected lien could nonetheless affect the Warfels after the conclusion of the case. This adversary proceeding seeks to avoid that unperfected lien.

## II.  ARGUMENT

Wisconsin has a preference for making claims related to real estate easy to determine. It therefore requires that when items are affixed to the real estate, there be one of two methods to permit a searcher to determine those that have interests in those fixtures, that being either by filing a mortgage[1] or a fixture filing under the Uniform Commercial Code[2].  As to the latter, a fixture is defined as goods that "have become so related to the particular real property that an interest in them arises under real property law."  Sec. 409.102(1)(k), Wis. Stats.  Pursuant to Sec. 409.334, Wis. Stats., a purchase-money security interest in goods that are to become fixtures must be perfected within 20 days of the goods becoming fixtures.  Secs. 409.334 and 409.502, Wis. Stats. both then relate to the filing and perfection of a security interest in fixtures.  A perfected security interest in fixtures thereafter has a priority over conflicting security interests in the real estate. *Id*.  This can include security interests created in a "manufactured-home transaction."  This is defined in sec. 409.102(1)(ng), Wis. Stats:

> "Manufactured-home transaction" means a secured transaction:
> 1. That creates a purchase-money security interest in a manufactured home, other than a manufactured home held as inventory; or
> 2. In which a manufactured home, other than a manufactured home held as inventory, is the primary collateral.

The perfection then references sec. 409.311(1)(b) or (f), Wis. Stats, which in turn points to Subchapter V of Chapter 101, Wis. Stats., the Manufactured Homes and Mobile Homes code. Under chapter 101, perfection requirements are found in sec. 101.9213, Wis. Stats.

There, a dichotomy is created between "a manufactured home of a type for which a certificate of title is required" and those for which a certificate of title is not required.  The requirement to obtain a certificate of title is spelled out under sec. 101.9203, Wis. Stats.

> The owner of a manufactured home that is situated in this state or intended to be situated in this state is not required to make application for a certificate of title under s. 101.9209 if the owner of the manufactured home intends, upon acquiring the manufactured home, to make the manufactured home a fixture to land in which the owner of the manufactured home has an ownership or leasehold interest subject to ch. 706.

---

[1] "A record of a mortgage is effective, from the date of recording, as a financing statement filed as a fixture filing … (if) the record is duly recorded."  409.502(3), Wis. Stats.
[2] Which is also recorded with real estate records to give the title searcher a one-stop shop.  Sec. 409.502(2)(b), Wis. Stats.

Thus, the requirement of a certificate of title does not apply to homes which are to be affixed to owned real estate.

In this case, it was clear that the home was to be delivered to and become a permanent addition to the property the Debtors were purchasing from the Ostrowskis.

Where the property is not of a type for which a certificate of title is required, the statute reverts to subch. VI of Ch. 409, titled "Filing." See, Sec. 101.9213(6), Wis. Stats. In Subch. VI, sec. 409.502 provides for filing a real-property-related financing statement or a mortgage relating to an interest in real property.

There appear to be conflicts from the many jurisdictions, and it appears that 21st Mortgage has litigated its security interest in many of them. While in Wisconsin, the perfection issue has not come up in a challenge to the security interest such as in this case where the conflicting rights under 11 U.S.C. § 544 apply, there have been several published cases relating to the manufactured home being a fixture.

Sec. 70.043, Wis. Stats governs mobile home classification for property tax purposes and provides that a mobile home is an improvement to real property if it is connected to utilities and is set upon a foundation upon land that is owned by the mobile homeowner. A mobile home is "set upon a foundation" if it is off its wheels and is set upon some other support. In contrast, if the mobile home is located on land not owned by the mobile homeowner or if it is not set upon a foundation or connected to utilities, it is personal property. *See* Sec. 70.043(1)-(2), Wis. Stats.

In *Ahrens v. Town of Fulton,* the Court held that a mobile home is "set upon a foundation" when "the home is resting for more than a temporary time, in whole or in part, on some other means of support than its wheels". *Ahrens v. Town of Fulton*, 251 Wis. 2d 135 (2002). This definition rests on a distinction between temporary and permanent placement, "recognizing that the Legislature intended that permanency of the structure was important in distinguishing between real property and personal property." *Id*. The Court declined to provide a specific number of days that would exceed the temporary threshold, but noted that permanency and mobility have subjective considerations (i.e. the court should look at the mobile home owner's intentions with the home). *Id*.

Regarding types of mobile home foundations, the Court has held that chocks, basic stabilizing jacks and levelers and blocks are all sufficient support mechanisms to satisfy the permanency requirement. *Id*.

The Supreme Court used *Aherns* in further support of what is a fixture versus personal property in *Kohn v. Darling Community Schools*, 2005 WI 299, 698 N.W.2d 794 (Wis. 2005). There, the issue was whether bleachers were fixtures at a school for insurance coverage purposes. It reasserted the *Aherns* determination that "a mobile home is an improvement to real property when the home is resting for more than a temporary time, in whole or in part, on some other means of support than its wheels." *Kohn,* ¶ 7.

### III.  CONCLUSION

Accordingly, the mobile home in question, being a fixture, is not perfected because it was not one for which a certificate is required. It was neither perfected with a UCC fixture filing nor a mortgage.

Dated this 26th day of January, 2022.

GOYKE & TILLISCH, LLP


/S/ *George B. Goyke*
George B. Goyke
Attorney for Plaintiffs
Wis. Bar. No. 1001340

GOYKE & TILLISCH, LLP
2100 Stewart Avenue, Suite 140
Wausau, WI 54401
(715) 849-8100
goyke@grandlawyers.com