UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

David L. Warfel, Jr. and
Jeanne M. Warfel,

Case No. 20-11651

---

Mark Harring,
Standing Chapter 13 Trustee,

    Plaintiff,

v.

Adv. No. 21-02

21st Mortgage Corporation

    Defendant.

**FIRST AMENDED COMPLAINT TO DETERMINE THAT LIEN HELD BY 21st MORTGAGE CORPORATION IS UNPERFECTED AND AVOIDABLE PURSUANT TO 11 USC § 544**

NOW COMES Mark Harring, Standing Chapter 13 Trustee, by and through his attorney, George B. Goyke of Goyke, Tillisch & Martell, LLP, and as and for a Complaint against the Defendant alleges as follows:

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 151, 157 and 1334(b).

2. This is a core proceeding pursuant to 28 U.S.C. §§ 157(a), 157(b)(1), (b)(2)(B) and (K).

3. The Debtors, David and Jeanne Warfel, filed a voluntary petition under chapter 13 of the United States Bankruptcy Code on June 25, 2020. The case remains pending.

4. The Plaintiff, Mark A. Harring, is the duly appointed Trustee for the Bankruptcy Estate of the Debtors and is and has been qualified and so acting at all times since the commencement of the case.

5. The Defendant, 21st Mortgage Corporation, is a corporation duly organized and having registered to do business as a foreign corporation in the State of Wisconsin with the Wisconsin

Department of Financial Institutions. It has a registered agent and office stated as: CORPORATION SERVICE COMPANY, 33 EAST MAIN STREET, SUITE 610, MADISON, WI 53703.

6. This Complaint is filed pursuant to 11 U.S.C. § 544 and in accordance with Bankruptcy Rule 7001, to avoid the lien of **21st Mortgage Corporation ("CREDITOR")**.

7. The Defendant **CREDITOR** has a physical address of 620 Market Street, Suite 100, Knoxville, TN 37902-2207 and a mailing address of P.O. Box 477, Knoxville, TN 37901.

8. The Debtors own real property located at 1060 Peach Lane, Minocqua, WI 54548 ("Real Estate").

9. Affixed to this Real Estate, the Debtors own a 2019 Skyline Manufactured Home ("Property").

10. The proper method to perfect a security interest in property that becomes affixed to real estate is to either take a mortgage against the property or to file a statement under the Uniform Commercial Code to alert others to the security interest in the fixture.

11. **CREDITOR** filed a Proof of Claim on July 1, 2020 in the secured amount of $130,689.58 including as evidence of perfection a Confirmation of Security Interest (Lien) Perfection filed with the Wisconsin Department of Safety and Professional Services. (Exhibit A).

12. The Debtors objected to **CREDITOR'S** claim on October 20, 2020, Docket # 40.

13. The **CREDITOR** failed to request a hearing on the objection to the claim. The Court entered an order determining that the Creditor's claim is an unsecured claim only. (Bankruptcy Docket # 44).

14. Upon the Property affixing to the Debtor's Real Estate, the **CREDITOR** failed to perfect its security interest in the Property by filing a mortgage or UCC fixture filing with the Register of Deeds as required to perfect an interest in real property.

15. The Property and its appurtenant real estate has at all times relevant hereto been the residence and homestead of the Debtors.

16. 11 U.S.C. § 544 provides,

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
> (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;
> (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.
> (b)
> (1) Except as provided in paragraph (2), the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

17. This adversary proceeding seeks to avoid the transfer of any lien to **CREDITOR** pursuant to the Trustee's rights as lien creditor, execution creditor or bona fide purchaser of real property.

18. This is an amendment of a complaint originally filed in the names of the Debtors on January 11, 2021 (Adversary Docket #1).

19. The Bankruptcy Court made findings of fact, conclusions of law and a judgment avoiding the **CREDITOR**'s lien as unperfected on February 3, 2022 (Adversary Docket # 41).

20. **CREDITOR** appealed the Bankruptcy Court decision to the District Court. (Adversary Docket #42).

21. The District court reversed the decision of the bankruptcy court on the issue of standing of the Debtors to bring the adversary proceeding and use the strong-arm powers of the trustee under 11 U.S.C. sec. 544. (Adversary Docket ## 56 and 57).

22. In the Final Order, Judge Peterson stated, "there are other ways of protecting this interest without rewriting the statute. For example, one leading treatise suggested that the debtor may name the trustee as a plaintiff to comply with § 544. *Ginsberg and Martin on Bankruptcy*, supra, at § 15.03[D]."

23. Upon remand, a hearing was held on February 6, 2023 wherein the bankruptcy court determined that the Trustee would be permitted to be substituted as plaintiff.

24. The Court provided an opportunity to file an amended complaint in this matter.

25. Because the lien of CREDITOR is unperfected as to the trustee, it should be avoided pursuant to 11 U.S.C. sec. 544(b).

**WHEREFORE,** the Plaintiff prays that the Court find that the **CREDITOR'S** claim is wholly unperfected and that any claimed lien should therefore avoided. The Plaintiff further prays that the Court order **CREDITOR** to cancel said claim upon the completion of the Debtors' Chapter 13 Plan and the granting of the Debtors' discharge, and that the Court grant such other further relief as to the Court seems just and proper.

Dated this 20th day of February, 2023.

Standing Chapter 13 Trustee

By: _____
George B. Goyke
Attorney for Trustee
122 W Washington Ave, Suite 500
Madison, WI 53703-2758
(608) 256-4320

4