UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

---

David L. Warfel, Jr. and
Jeanne M. Warfel,

Case No. 20-11651

-------------------------------------------------

Mark Harring,
Standing Chapter 13 Trustee,

Adv. No. 21-02

Plaintiff,

v.

21st Mortgage Corporation,

Defendant.

---

# JOINT PRETRIAL STATEMENT

---

NOW COME the Plaintiff, Mark Harring, by his attorney, George B. Goyke of Goyke, Tillisch & Martell, LLP, and the Defendant, 21st Mortgage Corporation, by its attorney, Terri A. Running of Messerli & Kramer, P.A. and submit the following Joint Pretrial Statement.

## TABLE OF CONTENTS


Plaintiffs' Statement — Page 2

Defendant's Statement — Page 3

Joint Statement — Pages 4 - 5

I. Plaintiffs' Statement of the Case

Under 11 U.S.C. § 544, an unperfected lien can be avoided.

Defendant failed to properly perfect its lien on Warfels' property.

a. Defendant's Confirmation of Security Interest (Lien) Perfection filed with the Wisconsin Department of Safety and Professional Services is insufficient to properly perfect property.

b. To perfect its security interest, Defendant would have needed to file a mortgage with the Register of Deeds in the appropriate County or a UCC fixture filing.

c. The Defendant filed a proof of claim asserting that its claim was secured.

d. Warfels filed an objection to the Defendant's claim.

e. The Defendant did not request a hearing.

f. The Court entered an order determining that the Defendant's claim was to be allowed only as unsecured.

II. Defendant's Statement of the Case

Jeanne Warfel purchased a 2019 Skyline Manufactured Home (the "Manufactured Home"). J. Warfel signed a note and security agreement on May 30, 2019 (the "Note and Security Agreement") pursuant to which 21st Mortgage financed the purchase of the Manufactured Home. Pursuant to the Note and Security Agreement, J. Warfel granted to 21st Mortgage a security interest in the Manufactured Home. 21st Mortgage funded the loan on May 30, 2019. 21st Mortgage perfected its security interest in the Manufactured Home by delivering a Manufactured Home Certificate of Title Application for the Manufactured Home to the Wisconsin Department of Safety and Professional Services listing 21st Mortgage as secured party. On July 18, 2019, the Wisconsin Department of Safety issued a conformation of security interest listing 21st Mortgage as secured party. Because the security interest in the Manufactured Home is perfected under Article 9 and the Wisconsin Manufactured Home Statutes, it is not avoidable under 11 U.S.C. §544.

In addition, the Manufactured Home is moveable. Finally, the Chapter 13 trustee has failed to correctly calculate the value of 21st Mortgage's lien on the Manufactured Home.

III. Joint Statement

A. Parties conferred on this matter by phone on March 24, 2023.

B. Parties admit the following:

1. Warfels purchased a 2019 Skyline Manufactured home with financing from Defendant.

2. Defendant has a Confirmation of Security Interest (Lien) Perfection filed with the Department of Safety and Professional Services.

3. Defendant did not file a mortgage.

4. The Court entered an order on Warfels' objection to Claim 2 of Defendant.

C. The following are contested matters of fact:

1. Plaintiffs' –

a. Whether Defendant properly perfected its lien;

b. Whether the Court's order makes Claim 2 of Defendant unsecured only;

c. Whether the Defendant's lien may be avoided.

2. Defendant's –

a. Whether the Manufactured Home is moveable.

b. Whether Plaintiff has correctly calculated the value of 21st Mortgage's lien on the Manufactured Home.

D. The following are contested legal issues:

1. Plaintiffs' –

a. Whether the Defendant's lien is unperfected allowing it to be avoided pursuant to 11 U.S.C. § 544.

2. Defendant's –

a. Whether the Defendant's lien is avoidable pursuant to 11 U.S.C. § 544.

b. Whether the court's order stating that Defendant's claim is allowed as an unsecured claim means that the Chapter 13

trustee may pay Claim 2 as an unsecured claim pursuant to the debtors' chapter 13 plan.

c. Whether the court's order stating that Defendant's claim is allowed as an unsecured claim means that the court avoided 21st Mortgage's lien on the Manufactured Home under 11 U.S.C. § 544.

d. Whether the Debtors had the authority to "amend" the complaint that they had no authority to file it in the first place.

e. Whether Fed. R. Bankr. P. 7021 may be used by the Debtors to substitute the chapter 13 trustee as the Plaintiff in this case after the applicable statute of limitation has expired with respect to the Chapter 13 trustee.

Dated this 24th day of March, 2023.

GOYKE,TILLISCH & MARTELL, LLP

/s/ George B. Goyke
George B. Goyke
Attorney for Plaintiff
State Bar No. 1001340

Dated this 24th day of March, 2023.

MESSERLI & KRAMER, P.A.

/s/ Terri A. Running
Terri A. Running
Attorney for Defendant
State Bar No. 238338