# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re:<br><br>David Lester Warfel, Jr. and Jeanne Marie Warfel,<br><br>        Debtors.<br>-------------------------------------------------------<br><br>Mark Harring,<br>Standing Chapter 13 Trustee<br><br>        Plaintiffs,<br><br>v.<br><br>21st Mortgage Corporation.<br><br>        Defendant. | Case No. 1-20-11651-cjf<br><br><br><br><br><br>ADV Case No. 1-21-00002-cjf<br><br><br><br>**ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** |

Defendant 21st Mortgage Corporation ("21st Mortgage"), by Counsel, files its Answer and Defenses to Plaintiff's Amended Complaint ("Complaint") as follows:

## PRELIMINARY STATEMENT

In answering the Complaint, 21st Mortgage denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint. Except as hereinafter admitted, qualified or otherwise answered, 21st Mortgage denies each and every matter, thing and allegation in Plaintiff's Complaint.

1. With respect to the allegations contained in paragraph 1, 21st Mortgage admits that to the extent Plaintiff has properly alleged his claims, the Court may exercise its jurisdiction.

2. The allegations contained in paragraph 2 of the Complaint are legal conclusions and, as a result, no response is required.

3. 21st Mortgage admits the allegations contained in paragraph 3 of the Complaint.

4. 21st Mortgage admits the allegations contained in paragraph 4 of the Complaint.

5. 21st Mortgage admits the allegations contained in paragraph 5 of the Complaint.

6. With respect to the allegations contained in paragraph 6 of the Complaint, 21st Mortgage admits that Plaintiff asserts that the Complaint was filed purporting to allege a claim or claims under 11 U.S.C. § 544 and in accordance with Bank. R. Civ. P. 7001 to avoid the lien of 21st Mortgage. 21st Mortgage denies that Plaintiff is entitled to any relief herein.

7. 21st Mortgage admits the allegations contained in paragraph 7 of the Complaint.

8. 21st Mortgage admits the allegations contained in paragraph 8 of the Complaint.

9. With respect to the allegations contained in paragraph 9 of the Complaint, 21st Mortgage asserts that the allegation is a legal conclusion and, as a result, no response is required. To the extent the allegations contained in paragraph 9 are not legal conclusions, 21st Mortgage denies that the Manufactured Home is "affixed" to the Real Estate, and asserts that the Manufactured home remains moveable.

10. 21st Mortgage asserts that the allegations contained in paragraph 10 are legal conclusions, and as a result no response is required. To the extent that the allegations in paragraph 10 are not legal conclusions, 21st Mortgage denies the allegations.

11. With respect to the allegations contained in paragraph 11 of the Complaint, 21st Mortgage admits that it filed a proof of claim on July 1, 2020 ("Claim 2") and asserts that the document speaks for itself.

12. With respect to the allegations contained in paragraph 12 of the Complaint, 21st Mortgage admits that the Debtors objected to its proof of claim and asserts that the document speaks for itself.

13. With respect to the allegations contained in paragraph 13 of the Complaint, 21st Mortgage admits that it did not request a hearing on the Debtors' objection to its claim and asserts that the court's order speaks for itself. 21st Mortgage denies the remaining allegations in paragraph 13. 21st Mortgage affirmatively asserts that it did not receive proper service of the objection to Claim No. 2 pursuant to Fed. R. Bankr. P. 9014(b) and Fed. R. Bankr. P. 7004(b)(3).

14. With respect to the allegations contained in paragraph 14 of the Complaint, 21st Mortgage admits that it did not file a mortgage or a UCC fixture filing with respect to the manufactured home. 21st Mortgage asserts that the remaining allegations contained in paragraph 14 are legal conclusions and, as a result, no response is required.

15. With respect to the allegations contained in paragraph 15 of the Complaint, 21st Mortgage is without knowledge or information sufficient to form a belief as to the truth of the allegations.

2234347.v1

16. With respect to the allegations contained in paragraph 16 of the Complaint, 21st Mortgage asserts that the allegations contained in paragraph 16 are legal conclusions and, as a result, no response is required.

17. With respect to the allegations contained in paragraph 17 of the Complaint, 21st Mortgage asserts that the allegations contained in paragraph 17 are legal conclusions and, as a result, no response is required.

18. With respect to the allegations contained in paragraph 18 of the Complaint, 21st Mortgage asserts that the allegations contained in paragraph 18 are legal conclusions and, as a result, no response is required. To the extent the allegations are not legal conclusions, 21st Mortgage denies the allegations. 21st Mortgage asserts that the Complaint is actually a new lawsuit filed by the Chapter 13 Trustee after the applicable statute of limitation, and is therefore untimely.

19. With respect to the allegations contained in paragraph 19 of the Complaint, 21st Mortgage admits that the court entered an order on February 3, 2022, at ECF 41 and asserts that the document speaks for itself.

20. With respect to the allegations contained in paragraph 20 of the Complaint, 21st Mortgage admits that is appealed the bankruptcy court's order at ECF 41.

21. With respect to the allegations contained in paragraph 21 of the Complaint, 21st Mortgage admits that the United States District Court for the Western District of Wisconsin (the "District Court") reversed the bankruptcy court's order at ECF 31 and asserts that the District Court's Final Order by District Court Judge James D. Peterson

order at ECF 56 (the "Final Order") and Judgement in a Civil Case at ECF 57 (the "Judgement") speak for themselves.

22. With respect to the allegations contained in paragraph 22 of the Complaint, 21st Mortgage asserts that the Final Order speaks for itself.

23. With respect to the allegations contained in paragraph 23 of the Complaint, 21st Mortgage admits that a hearing was held on February 6, 2023, but denies that the court determined that the Trustee would be permitted to be substituted as plaintiff. 21st Mortgage asserts that the court stated that "pursuant to Fed. R. Bankr. P. 7021 incorporating Fed. R. Civ. P. 21 the Court orders joinder of the Trustee as an indispensable party."

24. With respect to the allegations contained in paragraph 24 of the Complaint, 21st Mortgage admits that the court ordered that plaintiff shall file an amended complaint.

25. With respect to the allegations contained in paragraph 25 of the Complaint, 21st Mortgage asserts that the allegation in that paragraph are legal conclusions and, as a result, no response is required. To the extent that the allegations in paragraph 25 are not legal conclusions, 21st Mortgage denies same.

## **DEFENSES**

1. 21st Mortgage affirmatively asserts that it has a properly perfected interest in the Manufactured Home, and that the Chapter 13 trustee has failed to state a claim upon which relief can be granted.

2. 21st Mortgage affirmatively asserts that the Standing Chapter 13 Trustee brought this claim after the expiration of the applicable statute of limitations and is therefore untimely.

3. 21st Mortgage affirmatively asserts that the Debtors waived their ability to add or substitute the Chapter 13 Trustee as plaintiff by failing to do so at any time prior to the entry of the Final Order and Judgment.

4. 21st Mortgage affirmatively assert that the Debtors did not have standing to bring their original complaint, and do not have standing to amend this Complaint.

5. In addition, 21st Mortgage affirmatively asserts the following defenses: waiver, estoppel, fraud, illegality, laches, mistake, and statute of limitations.

6. 21st Mortgage reserves the right to assert such other and further affirmative defenses as appropriate based on continuing investigation and discovery.

WHEREFORE, 21st Mortgage seeks the following relief:

1. An order dismissing Plaintiff's claims with prejudice;

2. For its costs, disbursements and reasonable attorney's fees incurred herein; and,

3. For such other relief as the Court deems just and equitable.

**MESSERLI & KRAMER P.A.**

Dated: March 27, 2023

*s/Terri A. Running*
Terri A. Running (#238338)
1400 Fifth Street Towers
100 South Fifth Street
Minneapolis, Minnesota 55402-4218
trunning@messerlikramer.com
Telephone: (612) 672-3600
Facsimile: (612) 672-3777

**ATTORNEY FOR 21ST MORTGAGE CORPORATION**